**UNITED STATES**

v.

**Private (E-2) Daniel F. IVERSON, 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, US Army, Company B, 1st Battalion, 11th Infantry, Fort Carson, Colorado 80913.**

**CM 433471.**

U. S. Army Court of Military Review.

Sentence Adjudged 4 April 1975.

Decided 31 Dec. 1975.

Appearances: Appellate counsel for the Accused: CPT Derryl W. Peden, JAGC; CPT Anthony J. Siano, JAGC; MAJ Richard J. Goddard, JAGC; COL Alton H. Harvey, JAGC. Appellate counsel for the United States: CPT Dale L. Anderson, JAGC; CPT Richard S. Kleager, JAGC; MAJ John T. Sherwood, Jr., JAGC; LTC Donald W. Hansen, JAGC.

## OPINION OF THE COURT

DONAHUE, Judge:

The appellant was convicted of four violations of Article 92, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 892. The approved sentence is reflected above.

The court-martial that tried the appellant was convened by the Commanding General, Fort Carson and 4th Infantry Division (Mechanized). Because he and his staff judge advocate were disqualified from conducting the post-trial review and action, those duties were performed by the Staff Judge Advocate and Commanding General, 1st Infantry Division and Fort Riley. The appellant's trial defense counsel remained assigned to Fort Carson during the post-trial review period and the appellant was transferred to the United States Disciplinary Barracks, Fort Leavenworth.

On 6 June 1975, the post-trial review was furnished to Captain Charles B. Armstrong, the Chief Defense Counsel at Fort Riley. On 11 June 1975, he certified that "[h]aving knowledge of my right to submit matters to the convening authority in explanation or rebuttal to the matters contained therein, I do not desire to do so." In an appellate affidavit, Captain Armstrong stated that he was asked to act as defense counsel for the appellant for the purpose of examining the record of trial and the review of the staff judge advocate and that he did perform those duties. He also stated that he had had no earlier connection with the case, had no communication with the appellant, had no knowledge that any convening authority had detailed him to act as appellant's counsel and had never been specifically requested as counsel by the appellant.

The appellant avers that he was denied the rights established by *United States v. Goode*, 23 U.S.C.M.A. 367, 50 C.M.R. 1, 1 M.J. 3 (1975). After considering this assignment of error and others that we do not discuss, we affirm.

In *Goode* the United States Court of Military Appeals directed that, on and after May 15, 1975, a copy of the post-trial review "be served on counsel for the accused with an opportunity to correct or challenge any matter he deems erroneous, inadequate or misleading, or on which he otherwise wishes to comment." In a footnote the court stated that "[c]ompliance with this requirement will not be sufficient cause to extend the 90-day period in cases subject to the rule established in *Dunlap v. Convening Authority*, 23 U.S.C.M.A. 135, 48 C.M.R. 751 (1974)." The reason for the *Goode* rule was that there had been so many complaints alleging the misleading nature of certain reviews.

In *Goode* the Court of Military Appeals had no occasion to consider appropriate procedures for cases where either the trial defense counsel was no longer available at the installation where the trial took place or where, as here, the post-trial review and action was by a new jurisdiction. We can safely assume that the Court of Military Appeals would approve reasonable, good faith, alternatives in cases where either of the problems mentioned above made service on the trial defense counsel impracticable.

In *United States v. Maslinski*, 2 M.J. 399, 51 C.M.R. 350 (A.C.M.R. 26 September 1975) we directed a convening authority to designate a counsel for an appellant whose

trial defense counsel had been separated from the service. In the instant case, the new convening authority[1] designated the jurisdiction's chief defense counsel to perform the *Goode* functions, which he did.

We are mindful of the fact that an attorney-client relationship was not consummated to the extent of acceptance of Captain Armstrong as his attorney by the appellant or even of an exchange of communications between the two.[2] Although a complete relationship must be developed for representation during the trial itself, we do not believe that the Court of Military Appeals intended such a relationship to be a condition precedent to compliance with *Goode*. Not only would such a requirement do nothing to enhance the rationale behind *Goode*, but mere refusal by an accused person to enter the relationship would throw the proverbial monkey wrench into the machinery of justice.

We note that although the appellant complains of the procedure followed, he has brought to our attention in neither briefs nor oral argument any matter in the post-trial review "[which] he deems erroneous, inadequate or misleading, or on which he otherwise wishes to comment." *United States v. Goode* at 23 U.S.C.M.A. 370, 50 C.M.R. 4, 1 M.J. 6.

The findings of guilty and the sentence are affirmed.

Senior Judge JONES concurs.

COSTELLO, Judge, concurring:

I join in affirmation of the findings and sentence. Despite the agreement of counsel before us that this case presents a *Goode* problem, I find none. *Goode* requires that a copy of the staff judge advocate's review be served on "counsel for the accused" and that such counsel be given time to respond

before the convening authority takes his final action. That rule was promulgated by the Court of Military Appeals for a criminal justice system in which the circumstances of military service, the statutory base and case law all permit or require many instances of successive counsel for the accused and convening authorities.

Here, the case was properly referred to a new convening authority for post-trial review and action after the record of trial had been authenticated by the trial judge and examined by the first trial defense counsel. At the new jurisdiction, the staff judge advocate's review was served on the chief defense counsel and the fact of that service was noted in the review with language generally similar to that used in other jurisdictions since *Goode*. The chief defense counsel responded to that service of the review by acknowledging receipt ". . . of a copy of the foregoing review of the Staff Judge Advocate in the case of *United States v. Iverson, my client.*" [Emphasis supplied.] In the same writing, he expressed an informed decision not to reply on the merits.

Patently, the mechanics of *Goode* were satisfied. If there are any problems in this case, they arise from the adequacy of the efforts of the successor defense counsel. However, there have been no allegations of inadequacy and no instances thereof are to be found in the record before us.

We were told at argument that the successor defense counsel was not aware of the requirements of *Goode* at the time he acted. (Thirty days after *Goode's* effective date and 70 after its promulgation.) Even if the Court were to accept such evidence, it should not affect any decision. *Goode* did not purport to add anything to the list of services an attorney renders to his client. The case simply established a positive time

1. In the absence of any indication to the contrary, we presume regularity in the designation of Captain Armstrong.

2. In this respect the relationship between Captain Armstrong and the appellant resembles the relationship between a substantial number of appellants and the attorneys of the Defense Appellate Division. Although that Division routinely sends letters to appellants announcing the appointment of specific attorneys as their counsel, many of the letters are not received by the clients and are subsequently returned by the postal authorities with "unable to locate" notations.

and procedure for such performance. Thus, upon the chief defense counsel's formal statement that he acted for his "client" in reviewing the review of the staff judge advocate, one may conclude that he acted as an attorney. That being so, the requirements of *Goode* were satisfied at the time and in the manner contemplated by the Court of Military Appeals. We need find nothing more.*

---

* Defense counsel in the field should review Appendix D, AR 27–10, particularly where dealing

---

with assignment of counsel for limited periods or purposes.