UNITED STATES

v.

Private First Class George A. ECONOMU, 434–46–2798, US Army, Headquarters and Headquarters Company, 2d Battalion (Airborne), 505th Infantry, 82d Airborne Division, Fort Bragg, North Carolina.

CM 434298.

U. S. Army Court of Military Review.

Sentence Adjudged 4 Dec. 1975.

Decided 14 July 1976.

Appellate Counsel for the Accused: CPT Buren R. Shields, III, JAGC; CPT John R. Osgood, JAGC; MAJ Joe D. Miller, JAGC; COL Alton H. Harvey, JAGC.

Appellate Counsel for the United States: CPT Gary F. Thorne, JAGC; MAJ John T. Sherwood, Jr., JAGC.

## OPINION OF THE COURT

COOK, Judge:

Appellant was convicted of an aggravated assault, alleged as violation of Article 128, Uniform Code of Military Justice (10 U.S.C. § 928). He received the approved sentence set out above.

The first error noted in the appeal of this case involves the question of who may act as "counsel for the accused" in the performance of the post-trial duty instituted by the United States Court of Military Appeals in *United States v. Goode*, 23 U.S.C.M.A. 367, 50 C.M.R. 1, 1 M.J. 3 (1975).[1]

Captain David M. Uhler acted as appellant's defense counsel throughout the pre-trial and trial stages of this case. The sentence was imposed on 4 December 1975, thus terminating the courtroom proceedings. The post-trial review was completed on 19 January 1976, and, because Captain Uhler had been discharged from the Army during the interval, Captain Richard F. Renton, another defense counsel assigned to the same staff judge advocate office, was detailed by the convening authority as defense counsel for appellant. On 20 January 1976 Captain Renton returned the review without comment.[2] By affidavit dated 17

---

1. "Accordingly, it is ordered that on and after May 15, 1975, a copy of the written review required by Article 61 or 65(b), UCMJ, 10 U.S.C. § 861 or 865(b), be served on *counsel for the accused* with an opportunity to correct or challenge any matter he deems erroneous, inadequate or misleading, or on which he otherwise wishes to comment. Proof of such service, together with any such correction, challenge or comment which counsel may make, shall be made a part of the record of proceed-

ings. The failure of counsel for the accused to take advantage of this opportunity within 5 days of said service upon him will normally be deemed a waiver of any error in the review." *United States v. Goode, supra*, 23 U.S.C.M.A. at p. 370, 50 C.M.R. at p. 4, 1 M.J. at p. 6 (Emphasis added).

2. It is noted that the review erroneously states that the correct maximum confinement is eight years whereas it is, as announced by the trial judge, only five years.

June 1976 Captain Renton states that he had no prior connection with the case and he did not contact appellant in connection with the performance of this assignment.

■ As the reason for the trial defense counsel's unavailability to perform his post-trial duties was because he had been discharged, "good cause" has been established for the dissolution of the attorney-client relationship between Captain Uhler and appellant.[3]

■ Further, we note that the convening authority commendably attempted to insure that appellant would continue to have legal representation by designating another defense counsel for him.[4] In our opinion, however, the procedure adopted suffers from a fatal infirmity, i. e., it lacks appellant's consent to be represented by the substituted counsel.

". . . [A]n attorney-client relationship is not created by the mere designation of a representative for the accused by a court-martial authority. There must be an acceptance by the accused. Here, the uncontradicted evidence shows that the designated counsel never consulted or communicated with the accused. . . The evidence shows that no attorney-client relationship was established between the accused and Captain Falkenstrom."[5]

■ While we have been willing to assume that an appellant consented to the substitution of defense counsel in a case where there was some evidence that the new counsel contacted his client,[6] in this case there was no such evidence. On the contrary, Captain Renton admits he did not contact appellant. As the United States Court of Military Appeals said, in another case involving appointment of defense counsel without the knowledge of the accused:

"He could not consent if he did not know. . . . To bind the accused, we feel there must be some semblance of acceptance on his part, as representation by total strangers is neither desirable nor fair."[7]

■ We hold, that service of the post-trial review on unaccepted counsel is not service on "counsel for the accused" within the meaning of the *Goode* mandate. Consequently, we find that a new post-trial proceeding which complies with the requirements of that case is needed.

■ The second problem with this case is that the record of trial was not served on the appellant until 27 January 1976. That date is 12 days after the record was authenticated by the military judge on 15 January 1976, and five days after the convening authority took his action on 22 January 1976. There is no evidence that trial defense counsel ever saw the record of trial as that portion of the authentication page set aside for defense counsel's signature is

3. *United States v. Timberlake*, 22 U.S.C.M.A. 117, 46 C.M.R. 117 (1973); *United States v. Eason*, 21 U.S.C.M.A. 335, 45 C.M.R. 109 (1972); *Stanten v. United States*, 21 U.S.C.M.A. 431, 45 C.M.R. 205 (1972); *United States v. Tellier*, 13 U.S.C.M.A. 323, 32 C.M.R. 323 (1962). However, we do not hold that the discharge of counsel will in all cases constitute "good cause" for the severance of an attorney-client relationship. *See United States v. Andrews*, 21 U.S.C.M.A. 165, 44 C.M.R. 219 (1972).

4. *See* the decretal paragraph in *United States v. Silas*, 23 U.S.C.M.A. 371, 50 C.M.R. 5, 1 M.J. 7 (1975); *see also United States v. Tellier*, *supra*.

5. *United States v. Brady*, 8 U.S.C.M.A. 456, 460, 24 C.M.R. 266, 270 (1957).

6. *United States v. Hayes*, 2 M.J. 912 (A.C.M.R.1976).

7. *United States v. Miller*, 7 U.S.C.M.A. 23, 28 and 29, 21 C.M.R. 149, 154 and 155 (1956). This inherent right of refusal of a particular counsel by his client is applicable to appellate defense counsel appointed under the provisions of Article 70(c), UCMJ, as well as to trial defense counsel detailed under Article 38(b), UCMJ. *United States v. Bell*, 11 U.S.C.M.A. 306, 29 C.M.R. 122 (1960).

blank, and he did not (as we've noted before) participate in the *Goode* review process. This does not comport with the requirement of Article 54(c), UCMJ to give the accused "[a] copy of the record of proceedings . . . as soon as it is authenticated." [8]

 The action of the convening authority, dated 22 January 1976, is hereby set aside. The record of trial is returned to The Judge Advocate General for a new review and action by a different staff judge advocate and convening authority.[9]

Senior Judge BAILEY and Judge DeFORD concur.

---

**8.** *United States v. Cruz-Rijos,* 1 M.J. 429 (1976).

**9.** As the terms of the decretal paragraph appear unnecessarily broad, an explanation is warranted. First, with the exception of specifying that only a different staff judge advocate and convening authority be selected to act, this remedy is identical to that employed by the United States Court of Military Appeals in other Article 54(c)—*Cruz-Rijos* type cases. We confess to a degree of puzzlement when we learned that the United States Court of Military Appeals, in its orders in cases involving only Article 54(c) violations, is vacating what would appear to be perfectly good post-trial reviews. Secondly, even if the only error in this case was the one involving the *Goode* issue we would, nevertheless, apply this balm. This Court believes that a convening authority who has not already taken an action on the case will be in a better position to provide the appellant with his ". . . right to an impartial review . . . an important right . . . in the military judicial system." *United States v. Gordon,* 1 U.S.C.M.A. 255, 262, 2 C.M.R. 161, 168 (1952). As has been repeatedly stated by the United States Court of Military Appeals, "It is at the convening authority level that the accused has his best opportunity to receive clemency." *United States v. Goode, supra; United States v. Boatner,* 20 U.S.C.M.A. 376, 43 C.M.R. 216 (1971); *United States v. Wilson,* 9 U.S.C.M.A. 223, 26 C.M.R. 3 (1958); *United States v. Wise,* 6 U.S.C.M.A. 472, 20 C.M.R. 188 (1955). Conceding that a new review would not appear to be required in order to obtain a new action by a different convening authority, one is nevertheless ordered. The Court deems this a salutary measure and, as a practical matter, the new convening authority will require *his* staff judge advocate to vouch for the review upon which he bases his action, in any event. *See United States v. Papciak,* 7 U.S.C.M.A. 412, 22 C.M.R. 202 (1956).