**UNITED STATES**

v.

**Private E–1, Christopher S. HOOD, 261–23–0138, U. S. Army, Headquarters and Range Support Battery, Range Command, Fort Bliss, Texas.**

**CM 433892.**

U. S. Army Court of Military Review.

Sentence Adjudged 30 July 1975.

Decided 11 Nov. 1976.

Appellate Counsel for the Accused: CPT D. David Hostler, JAGC; MAJ Richard J. Goddard, JAGC; COL Alton H. Harvey, JAGC.

Appellate Counsel for the United States: CPT Gary F. Thorne, JAGC; MAJ John T. Sherwood, Jr., JAGC; LTC Donald W. Hansen, JAGC.

## OPINION OF THE COURT

### PER CURIAM:

Appellant's trial defense counsel left the trial situs for reassignment overseas prior to the preparation of the SJA Review, but after he had examined the record of trial without recorded comment. Before the convening authority acted, the record and review were given to counsel newly appointed ". . . to ensure that the requirements of *United States v. Goode . . .* are complied with fully in this case." That counsel made a timely, but negative, response in the absence of appellant who had been sent to Fort Leavenworth.

■ Among the errors alleged is that the requirements of *Goode*[1] were violated by service on substitute counsel. In partial support of that assertion appellant offers a "letter" from his original trial defense counsel which makes objection to three parts of the review.

We find no error in the appointment and use of substitute counsel generally, in circumstances such as these. *United States v. Iverson*, 51 C.M.R. 736, 2 M.J. 489 (A.C. M.R.1975). Our examination of the "letter" from the original trial defense counsel and the rest of the record discloses no injury to appellant from the inaction of substitute counsel, so there is no specific prejudice either.

■ Appellant further contends that the trial court lacked jurisdiction because all the marihuana offenses charged occurred off-post. The existence of that condition is not at all clear, particularly as to the large "stashes" of marihuana involved in specification five. There are also unresolved questions concerning the identity and collateral activities of persons involved in the four earlier specifications.

Appellant has stated no other basis for relief.

Accordingly, the case is returned to The Judge Advocate General of the Army for remand to the same or a different convening authority for referral to a general court-martial in order that a limited hearing may be held to determine whether the court-martial which tried appellant lacked jurisdiction.[2] If such a hearing is deemed impracticable, the convening authority may dismiss the charge. The limited hearing will be held within 30 days of the date of receipt of this order unless a continuance is granted by the trial judge of the court-martial to which the case is referred.[3] Upon the conclusion of the limited hearing the trial judge will enter his findings of fact

1. *United States v. Goode*, 23 U.S.C.M.A. 367, 50 C.M.R. 1, 1 M.J. 3 (1976).

2. The authority for limited hearings was established in *United States v. DuBay*, 17 U.S.C.M.A. 147, 37 C.M.R. 411 (1968). Such a hearing is not a rehearing as provided for in the UCMJ and the Manual for Courts-Martial. There is no requirement that the convening authority's action on the findings and sentence be withdrawn prior to conducting the limited hearing. *See United States v. Flint*, 24 U.S.C.M.A. 270, 51 C.M.R. 722, 1 M.J. 428 (1976); *United States v. Perez*, 18 U.S.C.M.A. 24, 39 C.M.R. 24 (1968); *United States v. Cooper*, Misc.Ord.No.30,530, U.S.C.M.A. Daily Journal 76–191 (October 4, 1976); *United States v. Zuis*, 49 C.M.R. 150 (A.C.M.R.1974).

3. In the event of a decision to transfer the case to another jurisdiction where conducting the hearing is deemed more practicable, the 30 day period shall begin anew upon receipt in that command, however, all efforts must be made to expedite the transfer and the holding of the hearing.

and conclusions of law. If the military judge determines that the court-martial before which the appellant was tried lacked jurisdiction, he shall order the findings and sentence set aside and the charge dismissed. If he determines that the court-martial had jurisdiction, the authenticated transcript of the proceedings will be forwarded to the convening authority for consideration. If the convening authority determines that the proceedings are correct in law and fact, he will return the approved proceedings with the record of trial to this Court. If he determines that the proceedings are not correct, he may withdraw the previous action and take a new action setting aside the finding and sentence and dismissing the charge.

**UNITED STATES**

**v.**

**Specialist Four Jose L. ORTIZ–NEGRON, 584–50–6505, US Army, Headquarters and Headquarters Company, 1st Battalion (Mechanized), 10th Infantry, 4th Infantry Division (Mechanized), Fort Carson, Colorado.**

**CM 433140.**

U. S. Army Court of Military Review.

Sentence Adjudged 29 Jan. 1975.

Decided 12 Nov. 1976.

Appellate Counsel for the Accused: CPT Michael P. La Haye, JAGC; CPT Lawrence E. Wzorek, JAGC; COL Alton H. Harvey, JAGC.

Appellate Counsel for the United States: CPT Regis J. McCoy, JAGC; CPT John F. DePue, JAGC; MAJ John T. Sherwood, Jr., JAGC.