UNITED STATES, Appellee,

v.

Specialist Four Eugene A. JONES, SSN 433–06–4959, United States Army, Appellant.

CM 434991.

U. S. Army Court of Military Review.

23 Sept. 1977.

Colonel Alton H. Harvey, JAGC; Lieutenant Colonel John R. Thornock, JAGC, Captain D. David Hostler, JAGC, and Captain John M. Zoscak, Jr., JAGC, were on the pleadings for appellant.

Captain Lee D. Schinasi, JAGC, and Captain Michael J. Hurley, JAGC, were on the pleadings for appellee.

Before JONES, FULTON and FELDER, Appellate Military Judges.

OPINION OF THE COURT

FULTON, Judge:

Pursuant to the appellant's plea of guilty, a general court-martial convicted him of being disrespectful to, willfully disobeying, and striking a superior officer in violation of Articles 89 and 90, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 889 and 890. The sentence imposed by the mili-

tary judge included a bad-conduct discharge, confinement at hard labor for one year, forfeiture of pay in the amount of $100.00 per month for six months, and reduction to the lowest enlisted grade. The convening authority approved the sentence, but reduced the period of confinement to six months.

## I

On appellate review pursuant to Article 66, UCMJ, 10 U.S.C. § 866, the appellant contends first that prejudicial error occurred during the sentencing proceedings because the trial counsel was permitted to ask him about an uncharged act of misconduct. The appellant had asserted on direct examination that, as a result of the incident leading to his trial, he had learned to control his temper. On cross-examination, the trial counsel elicited information tending to indicate that the appellant's temper contributed to his being placed in disciplinary segregation while he was in confinement awaiting trial. The allegation of error is without merit. During presentencing proceedings, evidence of uncharged misconduct may be introduced in direct rebuttal to specific evidence in mitigation. *United States v. Blau*, 5 U.S.C.M.A. 232, 241–44, 17 C.M.R. 232, 241–44 (1954); *United States v. Clark*, 49 C.M.R. 192, 197 (A.C.M.R.1974); *United States v. Jeffries*, 47 C.M.R. 699, 700 (A.F.C.M.R.1973).

## II

In a second assignment of error, the appellant asserts that a new review and action by the convening authority are required because the staff judge advocate's review was served on an attorney who was not "counsel for the accused" as intended by *United States v. Goode*, 23 U.S.C.M.A. 367, 50 C.M.R. 1, 1 M.J. 3 (1975).

Captain W was the appellant's lone counsel during the trial. Shortly afterwards, he prepared a petition for clemency, which ul-

timately was attached to the staff judge advocate's review. By the time the review was completed, however, Captain W had been separated from active military service. Consequently, Captain S was detailed to represent the appellant at that stage of the proceedings, which includes examination of the review and determination whether there is any erroneous, inadequate or misleading matter to be challenged or corrected, and whether any other comment is advisable. *Id.* at 370, 50 C.M.R. at 4, 1 M.J. 6.

The appellant, who had been transferred to the United States Disciplinary Barracks at Fort Leavenworth, Kansas, was not notified that new counsel had been appointed for him.[1] Without consulting the appellant, Captain S decided to offer no rebuttal or comment concerning the staff judge advocate's review of the case.

These facts present the question whether the post-trial substitution of counsel was proper, and, if so, whether the actions taken by the substitute counsel were legally effective.

In *United States v. Goode*, 23 U.S.C.M.A. 367, 50 C.M.R. 1, 1 M.J. 3 (1975), speaking through Senior Judge Ferguson, the Court of Military Appeals prescribed the following rule:

> [I]t is ordered that on and after May 15, 1975, a copy of the written review required by Article 61 or 65(b), UCMJ, 10 USC § 861 or 865(b), be served on counsel for the accused with an opportunity to correct or challenge any matter he deems erroneous, inadequate or misleading, or on which he otherwise wishes to comment. . . . The failure of counsel for the accused to take advantage of this opportunity within 5 days of said service upon him will normally be deemed a waiver of any error in the review.

*Id.* at 370, 50 C.M.R. at 4, 1 M.J. at 6. It seems evident that under some circumstances this function would be performed by counsel other than the one who had repre-

---

1. We do not know whether the appellant knew that his trial defense counsel would soon be leaving active service. One way to avoid the problem discussed in this opinion is for depart-

ing counsel to assist in making advance arrangements for continuous representation of his client.

sented an accused at the trial. In a case decided the same day as *Goode*, in which the Court found it necessary to refer the record to a convening authority other than the original one for a new review and action, Senior Judge Ferguson said:

> For those proceedings, the accused should be accorded the right to counsel, as provided in Article 38(b), Uniform Code of Military Justice, 10 USC § 838, and a copy of the new post-trial review should be served upon *such counsel as the accused obtains.*

*United States v. Silas*, 23 U.S.C.M.A. 371, 372, 50 C.M.R. 5, 6, 1 M.J. 7, 8 (1975) (emphasis added). We think it significant, too, that, in its latest discussion of the post-trial duties of counsel, the Court spoke in terms of the trial defense counsel maintaining the attorney-client relationship "until *substitute trial counsel* or appellate counsel have been properly designated. . . ." *United States v. Palenius*, 25 U.S.C.M.A. 222, 231, 54 C.M.R. 549, 558, 2 M.J. 86, 93 (1977) (emphasis added).

■ In our view, the discharge or release of the sole trial defense counsel from active military service is good cause for designating new counsel in his stead. *United States v. Economu*, 2 M.J. 531 (A.C.M.R.1976); *see United States v. Maslinski*, 51 C.M.R. 350, 2 M.J. 399 (A.C.M.R.1975); *compare Stanten v. United States*, 21 U.S.C.M.A. 431, 45 C.M.R. 205 (1972), *with United States v. Andrews*, 21 U.S.C.M.A. 165, 44 C.M.R. 219 (1972), *and United States v. Catt*, 23 U.S.C.M.A. 422, 50 C.M.R. 326, 1 M.J. 41 (1975).[2]

■ There remains for consideration the fact that the appellant was unaware that he was being represented by new counsel. A similar question confronted the Court of Military Appeals in a case in which an accused, who unbeknownst to the Government had retained civilian counsel, was on leave when it was desired to take the deposition of a departing witness. Without notifying the accused, the Government appointed military counsel to represent him. Holding the deposition inadmissible, the Court said—

> To bind the accused, we feel there must be some semblance of acceptance on his part, as representation by total strangers is neither desirable nor fair.

*United States v. Miller*, 7 U.S.C.M.A. 23, 29, 21 C.M.R. 149, 155 (1956); *accord, United States v. Brady*, 8 U.S.C.M.A. 456, 460, 24 C.M.R. 266, 270 (1957); *United States v. Economu*, 2 M.J. 531 (A.C.M.R.1976); *United States v. Miller*, 51 C.M.R. 829, 2 M.J. 767 (A.C.M.R.1976). *But cf. United States v. Ross*, 3 M.J. 878 (A.C.M.R.1977) (DeFord, J.).

Accordingly, we hold that an accused is not bound by the actions of assigned counsel unless he consents to or acquiesces in the representation.[3]

■ Finally there arises the question of appropriate remedial action. A majority of the Court of Military Appeals appears to have rejected testing for specific prejudice in *United States v. Hill*, 3 M.J. 295 (CMA 1977). Perhaps there is some basis for distinguishing cases in which it seems that no counsel examined the staff judge advocate's review, as was the situation in *Hill*, from those in which the review was in fact examined by an attorney who, even if wrongly, regarded himself as acting for the accused. *But see United States v. Willis*, 2 M.J. 937 (A.C.M.R.1976). However, that may be, the terms of our holding—that the

---

**2.** Physical incapacitation may also justify substituting counsel. *See United States v. Ross*, 3 M.J. 878 (A.C.M.R.1977) (DeFord, J.). Panels of this Court are divided on the question whether post-trial transfer of the defense counsel to a new duty station necessarily affords good cause for substituting another counsel. *Compare United States v. Hood*, 54 C.M.R. 359, 2 M.J. 1036 (A.C.M.R.1976), *with United States v. Bates*, 52 C.M.R. 42, 2 M.J. 1274

(A.C.M.R.1976), *and United States v. Miller*, 51 C.M.R. 829, 2 M.J. 767 (A.C.M.R.1976); *cf. United States v. Iverson*, 51 C.M.R. 736, 2 M.J. 489 (A.C.M.R.1975) (initial review and action at installation other than situs of trial).

**3.** Or fails or refuses to respond to counsel's communications. *See United States v. Wallace*, 54 C.M.R. 876, 2 M.J. 1087 (A.C.M.R. 1976).

appellant is not bound by the actions of his purported counsel—foretell the answer: His appellate request for an opportunity to comment on a review before final action amounts to a refusal to ratify the action of Captain S and must be granted.

With due respect to our brothers of another panel of this Court, we do not feel compelled to *require* that the new action be taken by a different convening authority or that the same convening authority as before be provided a different review. *See United States v. Economu, supra.*

The action of the convening authority, dated 21 July 1976, is set aside. The record of trial is returned to The Judge Advocate General for a new action, if by the same convening authority, or a new review and action, if by a different convening authority. Unless he arranges for civilian counsel or is assigned individual military counsel at his request, the appellant must be afforded the services of assigned counsel who has established an attorney-client relationship either directly or in association with appellate counsel for the defense.[4]

Senior Judge JONES concurs.

Judge FELDER absent.

---

4. Our holding in this case extends only to establishing the attorney-client relationship and we do not reach the question whether counsel always must consult his client with specific regard to the tactics of rebutting or commenting on the staff judge advocate's review. Judge Perry's opinion in *Palenius* speaks of counsel reviewing the staff judge advocate's review "with his client." *United States v. Palenius*, 25 U.S.C.M.A. 222, 230, 54 C.M.R. 549, 557, 2 M.J. 86 (1977). Yet, neither the reason for the rule in *Goode* nor the wording of the rule itself indicate that consultation was envisioned, especially as the 90-day period for taking final action when an accused is confined is not automatically extended. *United States v. Goode*, 23 U.S.C.M.A. 367, 370, 50 C.M.R. 1, 4, 1 M.J. 3, 6 (1975). *Cf. United States v. Cruz-Rijos*, 24 U.S.C.M.A. 271, 274, 51 C.M.R. 723, 726, 1 M.J. 429, 432 (1976) (serving client's copy of the record on counsel with review when client confined elsewhere). For relevant discussion, see American Bar Association (ABA) Code of Professional Responsibility, Disciplinary Rule 7–101(B)(1) and Ethical Considerations 7–7, 7–8 (1969); ABA Project on Standards for Criminal Justice, Standards Relating to The Defense Function, sections 5.2, 8.2, 8.3 and accompanying commentary (Appvd. Draft 1971). The applicability of these standards to Army counsel is confirmed by Army Regulation 27–10, paragraph 2–32 (26 Nov. 1968, as changed).