UNITED STATES, Appellee,

v.

Private (E–2) Michael E. JOHNSON, SSN
376–60–9091, United States
Army, Appellant.

CM 434423.

U. S. Army Court of Military Review.

28 April 1978.

Colonel Robert B. Clarke, JAGC, Lieutenant Colonel John R. Thornock, JAGC, Captain Demmon F. Canner, JAGC, and Cap-

tain Michael B. Dinning, JAGC, were on the pleadings for appellant.

Colonel Thomas H. Davis, JAGC, Lieutenant Colonel R. R. Boller, JAGC, Major Michael B. Kennett, JAGC, and Captain Jack M. Hartman, JAGC, were on the pleadings for appellee.

Before FULTON, MOUNTS and TALIAFERRO, Appellate Military Judges.

## OPINION OF THE COURT ON FURTHER REVIEW

FULTON, Senior Judge:

The appellant was tried in December 1975 for several drug offenses, namely, possession and sale of heroin and possession of a hypodermic needle and syringe, alleged to have been committed in Columbia, South Carolina, the city adjacent to Fort Jackson. He was convicted on his plea of guilty. His sentence included a dishonorable discharge, confinement at hard labor for one year, forfeiture of all pay and allowances, and reduction to the grade of Private E–1.

Review by this Court was delayed to await decisions of the Court of Military Appeals in *United States v. Courtney*, 1 M.J. 438 (C.M.A.1976),[1] and *United States v. McCarthy*, 2 M.J. 26 (C.M.A.1976). In the light of *McCarthy*, this Court, on 18 November 1976, ordered the case "returned to The Judge Advocate General of the Army for remand to the same or a different convening authority in order that a limited hearing may be held to determine whether the court-martial which tried appellant lacked jurisdiction."

Our decision, as well as The Judge Advocate General's letter transmitting the record to a general court-martial convening authority at Fort Leavenworth, Kansas, specified that "the limited hearing [if held] will be held within 30 days of the date of receipt of this order unless a continuance is granted by the trial judge of the court-mar-

tial to which the case is referred." The order was received by the convening authority on 10 December 1976. More than 30 days later, on 13 January 1977, he referred the record to a general court-martial for a limited hearing on the jurisdiction issue, specifying, with apparent futility, "that the limited hearing be held within 30 days of 10 December 1976 unless a continuance is granted by the military judge." On 18 January, the court, consisting of a military judge alone, met in an Article 39(a) session, 10 U.S.C. § 839(a). The judge ruled that, because no judge had even received the case before the 30 days had elapsed, much less had any continuance been granted in that period, he had no jurisdiction to proceed with the hearing.

The convening authority then, by letter, asked this Court to extend by 60 days the period in which a limited hearing could be convened in this case.[2] On 28 January 1977, we issued a new order, saying "that the limited rehearing [sic] authorized in this Court's opinion dated 18 November 1976 will be held within 60 days of the date of receipt of this Order unless a continuance is granted by the trial judge of the court-martial to which the case is referred." Subsequent proceedings were timely and resulted in a finding by the military judge that the court had subject-matter jurisdiction over the offenses.

Upon return of the record to this Court, the appellant contends that we had no jurisdiction to enlarge the period for holding the limited hearing and also asserts that the staff judge advocate's review of that hearing and the convening authority's action were nullities because the review was not served on the appellant or his counsel. In addition, subject-matter jurisdiction as to the offenses is attacked on various bases.

### I

■ In view of our conclusion, explained later, that the staff judge advocate's review

---

1. See also *United States v. Jackson*, 3 M.J. 101 (C.M.A.1977).

2. Explaining the administrative difficulties being encountered with the many limited hear-

ings then being ordered, he also recommended that, in future cases, the Court not specify when the hearing must begin, but merely order that the hearing be completed within 90 days.

should have been served on counsel for the appellant, and that a new review and action are therefore required, the question arises whether we properly may at this time resolve other issues raised on appeal. That is a question on which the panels of this Court previously have divided.[3]

Decisions of the Court of Military Appeals seem no more consistent, the latest pronouncement being the view taken by the majority in *United States v. Quan*, 4 M.J. 244 (C.M.A.1978) (mem.), to the effect that if a review and action are null (owing to disqualification of the staff judge advocate), an issue relating to the production of witnesses is improperly before the court and the court will "refrain" from answering it.[4]

It seems to us that, when the foregoing opinions and those cited therein are taken as a whole, the cause of the uncertainty is the circumstance that the decision as to what questions to answer permits the exercise of sound discretion of the appellate court and is not necessarily a matter of law.

■ Under the circumstances here, we believe that we should respond to the appellant's contention that jurisdiction to conduct the limited hearing was lost through noncompliance with this Court's initial order to begin the hearing within 30 days after receiving our decision. If that question is answered in the appellant's favor, the need for further proceedings below is obviated and the appellant would be freed sooner from the effects of a sentence improperly imposed.[5] Moreover, the real issue in this Court's authority to modify its decree by enlarging the period for holding the hearing. That question seems more appro-

priately dealt with at this or higher levels, rather than at the convening level. Accordingly, we proceed to that jurisdictional issue.

## II

■ The appellant's contention that we had no power to enlarge the time for holding the limited hearing rests upon his view that, by returning the case to the trial level, we lost jurisdiction over it just as if the case were at the trial level initially and had not yet been referred to this Court pursuant to Article 66(b).[6] He argues that, by virtue of our order—

> The convening authority was vested by this Court with the discretion severally to dismiss the charges if he did not wish to hold the rehearing; to dismiss if he found jurisdiction over the offenses wanting; or to withdraw the previous convening authority's action and dismiss if he determined the rehearing proceedings were not, and for any reason, 'correct.' . . . He was, therefore, endowed by this Honorable Court with virtually those identical powers upon rehearing he would have had, and wholly independent of this Honorable Court, were the 'case' to have come to him on initial review after trial.[7]

Admittedly, we did not merely return the instant record to The Judge Advocate General to arrange for the taking of additional evidence and return of the record directly to us, with no possible intervention by a convening authority, as was done in *United States v. Ray*, 20 U.S.C.M.A. 331, 43 C.M.R. 171 (1971). Instead, we followed the model

---

3. *See United States v. Sims*, 2 M.J. 499 (A.C.M. R.1976); *cf. United States v. Andrade*, 3 M.J. 757 (A.C.M.R.1977) (involving authenticity of trial record).

4. *But cf. United States v. Diaz*, 22 U.S.C.M.A. 52, 46 C.M.R. 52 (1972) (contrary result; issue not discussed).

5. *See United States v. Robinson*, 46 C.M.R. 661 (A.C.M.R.1972), *pet. denied*, 46 C.M.R. 1324 (C.M.A.1972).

6. Article 66(b), Uniform Code of Military Justice, 10 U.S.C. § 866(b). A similar contention at the trial level led to a petition for extraordinary relief to prohibit the convening authority from proceeding with the limited hearing. The Court of Military Appeals denied relief. *Johnson v. Thurman*, 3 M.J. 56 (C.M.A.1977).

7. Assignment of Errors and Brief at 7 (12 Oct 1977). The terms of the mandate in our unpublished opinion were identical to those found in *United States v. Hood*, 2 M.J. 1036, 1037–38 (A.C.M.R.1976).

provided by *United States v. DuBay*, 17 U.S.C.M.A. 147, 37 C.M.R. 411 (1967), as modified, 17 U.S.C.M.A. 678 (1968).[8]

It is tempting, as briefs of the parties exemplify, to try to decide the issue according to whether a limited hearing is more in the nature of the appellate process or the trial process.[9] The result we reached is consistent with the unitary view of appellate actions affirmed by the Court of Military Appeals in *Flint*.[10] Yet, we do not rest our decision on either theory, for none of the cited cases dealt with any question as to the relative authority of this Court and a convening authority acting pursuant to our mandate.

In consonance with the *DuBay* model, whatever powers the convening authority had with respect to this case, he had them only because we conferred them, as our previous quotation from the appellant's brief recognizes. They did not independently vest in him pursuant to Article 64[11] or any other provision concerning initial review, for indeed the case already had been referred to this Court pursuant to Article 66, *supra*. Moreover, although we gave the convening authority contingent power to take certain actions that might affect our continued exercise of jurisdiction (e. g., to dismiss the charges), he had not taken any such action before asking us to extend the period in which a limited hearing might be held.[12]

Accordingly, we have no hesitancy in holding that our enlargement of the time for compliance with our mandate was within our powers and was proper.

## III

■ Following the limited hearing, it was error not to have served a copy of the staff judge advocate's review and advice on counsel for the appellant before the convening authority acted on the record. Our decree had specified as follows:

> If . . . [the military judge] determines that the court-martial had jurisdiction, the authenticated transcript of the proceeding will be forwarded to the convening authority for consideration. If the convening authority determines that the proceedings are correct in law and fact, he will return the approved proceedings with the record of trial to this Court. If he determines that the proceedings are not correct, he may withdraw the previous action and take a new action setting aside the findings and sentence and dismissing the charges.[13]

In elaboration of this requirement, The Judge Advocate General's ensuing letter of instructions to the designated convening authority made the following requirement:

> 3. . . .
> d. If the limited hearing results in special findings and conclusions of law supporting the existence of jurisdiction, a verbatim record of the proceedings will be prepared and a copy given to appellant before you act on the record. *United States v. Cruz-Rijos*, 24 U.S.C.M.A. 271, 51 C.M.R. 723 [1 M.J. 429] (1976). The record will then be processed in accordance with Chapter 17, M.C.M., 1969 (Rev. ed). . . .
> e. The review of the staff judge advocate may be limited to consideration of matters raised at the limited hearing

---

**8.** It has not escaped our attention that, by modifying its *DuBay* mandate, the Court of Military Appeals has done in that case exactly what the appellant contends we may not do in this one.

**9.** *Compare United States v. Flint*, 50 C.M.R. 865 (A.C.M.R.1975) *aff'd*, 1 M.J. 428 (C.M.A. 1976), *with United States v. Herndon*, 2 M.J. 875 (A.C.M.R.1976), *pet. review granted*, 2 M.J. 165 (C.M.A.1976), *and United States v. Martin*, 4 M.J. 852 (A.C.M.R.1978).

**10.** *Cf. United States v. Kelker*, 4 M.J. 323 (C.M. A.1978) (full rehearing, as distinguished from limited hearing, is like another trial).

**11.** Article 64, U.C.M.J., 10 U.S.C. § 864.

**12.** *Cf. United States v. Stevens*, 10 U.S.C.M.A. 417, 419–20, 27 C.M.R. 491, 493–94 (1959) (Latimer, J., concurring) (C.M.A. refusal to alter mandate after convening authority set aside findings and sentence).

**13.** *United States v. Johnson*, A.C.M.R. No. 434423, 18 Nov. 1976.

. . . After the review has been completed, a copy will be served on counsel for the accused as required by *United States v. Goode*, 23 U.S.C.M.A. 367, 50 C.M.R. 1, 1 M.J. 3 (1975). If you determine that the proceedings are incorrect in law or fact, you may withdraw the previous Action and take an new Action setting aside the findings and sentence. . . .[14]

Those instructions are consistent with the underlying concept of a *DuBay*-type hearing[15] and with the terms of our decree in this case.[16] Failure to serve counsel with a copy of the review in accordance with *United States v. Goode*, 1 M.J. 3 (C.M.A.1975), was, therefore, error just as if the omission had occurred in connection with an initial review and action.[17]

As the Court of Military Appeals recently has said—

The present case demonstrates the delays that can be encountered and appellate resources that can be expended when the requirements of *Goode* are ignored. Accordingly, we conclude that the purpose of *Goode* can be effected only if we insist upon compliance therewith.[18]

This observation is interpreted as precluding (by making unnecessary) a search for prejudice.[19] We must return the record for a new review and action.[20]

### IV

■ "An accused is entitled to a redetermination of all factual issues by the convening authority"[21] and a "convening authority has absolute power to disapprove the findings and sentence, or any part thereof, for any or no reason, legal or otherwise."[22] The powers that we gave to the convening authority for the limited hearing in this case were, if not coextensive with those of the original convening authority, at least analogous. Therefore, to permit a meaningful review and action, we refrain from expressing or implying any view as to the remaining issue of subject-matter jurisdiction.[23]

The action of the convening authority dated 26 May 1977 is set aside.[24] The record of trial is returned to The Judge Advocate General for a new review and action by the same or a different convening authority.

Judge MOUNTS and Judge TALIAFERRO concur.

---

**14.** Letter (JAAJ–CC CM 434423), 2 Dec 1976.

**15.** *United States v. DuBay*, 17 U.S.C.M.A. 147, 149, 37 C.M.R. 411, 413 (1967) (prescribing review and action "in accordance with Code . . . Articles 61 and 64").

**16.** See text at note 13, *supra*.

**17.** *Accord, United States v. Lucy*, 2 M.J. 1299, 1301 (N.C.M.R.1976).

**18.** *United States v. Hill*, 3 M.J. 295, 297 (C.M.A. 1977).

**19.** *United States v. Kirkland*, 4 M.J. 789 (N.C. M.R.1978); *United States v. Murray*, 4 M.J. 723 (A.F.C.M.R.1977); *cf. United States v. Jones*, 4 M.J. 545, 547–48 (A.C.M.R.1977).

**20.** The staff judge advocate's review recommended that the convening authority "approve the proceedings and findings of the military judge." On 26 May 1977, the convening authority signed a "Direction of the Convening Authority" which states that the "recommendation of the Staff Judge Advocate is approved." Here and in the decretal paragraph, we regard this and the related promulgating order as a convening authority's "action."

**21.** *United States v. Martinez*, 1 M.J. 280, 281 (C.M.A.1976).

**22.** *United States v. Rivera*, 20 U.S.C.M.A. 6, 7, 42 C.M.R. 198, 199 (1970).

**23.** See our discussion at Part I of this opinion, *supra*.

**24.** See note 20, *supra*.