UNITED STATES, Appellee,

v.

Specialist Four Kenneth P. HAHN, SSN 317–62–0089, United States Army, Appellant.

SPCM 12957.

U. S. Army Court of Military Review.

26 June 1978.

---

Colonel Robert B. Clarke, JAGC, Major Benjamin A. Sims, JAGC, Captain Larry D. Anderson, JAGC, and Captain John M. Zoscak, Jr., JAGC, were on the pleadings for appellant.

Colonel Thomas H. Davis, JAGC, Lieutenant Colonel R. R. Boller, JAGC, and Captain Richard A. Kirby, JAGC, were on the pleadings for appellee.

Before CLAUSEN, CARNE and COOK, Appellate Military Judges.

## OPINION OF THE COURT

### PER CURIAM:

A substitute defense counsel was selected to conduct the *Goode*[1] review in this case after the regularly appointed defense counsel had been separated from the service. While a substitution of counsel under these circumstances is appropriate,[2] this proxy

counsel admits to having performed his assigned duties without any contact or consultation with the appellant. For the reasons expressed in *United States v. Economu*, 2 M.J. 531 (A.C.M.R.1976), we consider counsel's failure to contact the appellant and obtain, as a minimum, his tacit consent to be represented by the new counsel to be prejudicial error. *See also United States v. Jones*, 4 M.J. 545 (A.C.M.R.1977).[3] Therefore, we must return the case for a proper *Goode* review and a new action.

As the case is not properly before us at this time,[4] we decline to dispose of the other assertions of error. In this connection, however, we are specifically directing that a new review be written in this case in order that the other assertions of error raised by appellate counsel may be addressed below.

The action of the convening authority, dated 5 August 1977, is hereby set aside. The record of trial is returned to The Judge Advocate General for a new review and action.

**UNITED STATES, Appellee,**

---

1. *United States v. Goode*, 1 M.J. 3 (C.M.A. 1975).

2. *United States v. Hayes*, 2 M.J. 912 (A.C.M.R. 1976).

3. We do not hold herein that there is an absolute obligation in every case that the regularly appointed defense counsel (who defended an

appellant at trial) consult with his client in connection with a response to the staff judge advocate's post-trial review.

4. *United States v. Credit*, 4 M.J. 118 (C.M.A. 1977); *United States v. Quan*, 4 M.J. 244 (C.M. A.1978).