**UNITED STATES, Appellee,**

v.

**Captain Cecil A. SEIVERS, SSN 407–48–7664, United States Army, Appellant.**

**CM 435254.**

U. S. Army Court of Military Review.

7 April 1980.

---

Colonel Edward S. Adamkewicz, Jr., JAGC, Lieutenant Colonel John F. Lymburner, JAGC, Major Grifton E. Carden, JAGC, and Captain Dennis E. Brower, JAGC, were on the pleadings for appellant.

Lieutenant Colonel R. R. Boller, JAGC, Major David McNeill, Jr., JAGC, and Captain Stephen D. Smith, JAGC, were on the pleadings for appellee.

Before JONES, MITCHELL and LEWIS, Appellate Military Judges.

## OPINION OF THE COURT ON FURTHER REVIEW AND ACTION ON PETITION FOR NEW TRIAL

JONES, Senior Judge:

This case is again before us for review under Article 66, Uniform Code of Military Justice, 10 U.S.C. § 866. Upon prior review this Court found service-connection lacking and determined that the court-martial had no jurisdiction over the offense.[1] The Judge Advocate General certified the service-connection question to the United States Court of Military Appeals. That Court concluded that service-connection was present and that the court-martial had jurisdiction. It reversed this Court's deci-

---

1. *United States v. Seivers*, 5 M.J. 661 (A.C.M.R. 1978).

sion and remanded the case for further action pursuant to Article 66, UCMJ.[2]

Also pending before us previously was appellant's petition for new trial under Article 73, UCMJ, 10 U.S.C. § 873, which had been referred for review by The Judge Advocate General. After dismissing the charges for lack of jurisdiction over the subject matter, this Court then dismissed the petition for new trial as being moot.

The appellant now seeks further action on his petition for new trial as well as review of the errors not considered on prior review. The Government opposes further action on the petition on what, in effect, are alternative grounds. First, the Government points out that appellant's petition to the United States Court of Military Appeals for grant of review specifically requested "review of his petition for a new trial." The Government argues that the Court of Military Appeals' denial of the petition for grant of review necessarily included denial of further review of the new trial petition. Second, the Government states that although the appellant included a request for review of his new trial petition, his appellate defense counsel abandoned that basis as he never raised the issue in appellant's petition under Rule 18 or his Brief under Rule 22(a).[3] The Government contends that appellant's only recourse is to file a new petition under Article 73, UCMJ, an action now barred by the two year time limitation.

We find this Court has jurisdiction to act on the original petition for new trial. The appellant filed a timely petition. Our dismissal of that petition as being moot can be considered as a conditional action, in effect an indication that it would be considered on the merits if the mootness were removed.

■ We believe the Court of Military Appeals remand of the case to this Court for "action pursuant to Article 66, UCMJ" is broad enough to cover consideration of the petition for new trial. Although a specific reference to the new trial petition would have left no doubt as to our mandate, as Judge Cook mentions in his concurring opinion, the reference to Article 66 without mention of Article 73, does not, contrary to the Government's argument, preclude our consideration of the petition. A petition for new trial is filed under Article 73 and referred by The Judge Advocate General to the appropriate court under that Article but the Court considers it under Article 66 or 67 (10 U.S.C. § 867), as the case may be. *See* paragraph 109f. Manual for Courts-Martial, United States, 1969 (Revised edition). Accordingly, we will consider both the assigned errors and the petition for new trial.

I

The facts of the case have been set out in detail in the prior opinions of this Court and the Court of Military Appeals.[4] We will outline them only briefly at this time. The appellant was convicted of stealing $7,762 from the United Services Automobile Association by false pretenses.[5] He conspired with two enlisted members of his unit to take his car and destroy it. He gave a duplicate key to the car, a new Ford Thunderbird, to one of the conspirators. The conspirator drove it off post and then drove it off a cliff into a quarry where it was totally destroyed. Unfortunately, the driver left his fatigue cap in the car. The appellant reported the car as stolen and filed a claim for the loss with his insurer.

The state police were suspicious of the incident from the outset as the car had not been stripped before being destroyed. Eventually the scheme unravelled, the two enlisted men were found out, and the appellant implicated. At trial the two enlisted men testified against appellant under a grant of immunity. They were the prosecutor's primary witnesses.

2. *United States v. Seivers*, 8 M.J. 63 (C.M.A. 1979).

3. Rules of Practice and Procedure before the United States Court of Military Appeals.

4. See footnotes 1 and 2, *supra*.

5. Violation of Article 121, UCMJ, 10 U.S.C. § 921.

The appellant argues that the testimony of the accomplices was insufficient to support a conviction. We disagree. Their testimony was inconsistent on minor points but those discrepancies were to be expected when describing an event that occurred nine months earlier. On the important elements of their testimony they were consistent, certain and convincing. The court members who were in the position to evaluate their testimony obviously believed them.

The testimony of the accomplices was supported by other evidence. The appellant's secretary testified that on the night before the car was stolen, the appellant told her that the car was too expensive for him to keep, that he might be able to make a deal for it that night, and that she should not mention that to anyone. A local automobile salesman testified that appellant had tried to ascertain the car's resale value. Finally, the prosecution established that appellant paid one of the accomplices $100.00 a few days after the incident. We find the evidence of guilt overwhelming.

## II

The appellant contends that the military judge erred in failing to give an instruction limiting the court's consideration of acts of uncharged misconduct. The misconduct complained of was related to the court by appellant's secretary who testified that the appellant had occasionally dated her until she found out he was married. The trial defense counsel objected to this testimony when it was given but when it was specifically mentioned subsequently, in the out-of-court hearing on instructions, he did not request a limiting instruction.

We find no limiting instruction was required. The appellant concedes the conduct was not criminal but only violative of a moral code. It does not amount to "acts sufficient to support independent criminal charges of equal gravity as those charge[d]", which the Court of Military Appeals said in *United States v. James*, 5 M.J.

382 (C.M.A.1978), was necessary to trigger the requirement for an instruction. *See United States v. Grunden*, 2 M.J. 116 (C.M.A.1977). Even were we to accept for the purpose of this review that an instruction was required, we find no possibility of prejudice from the failure to give one.

## III

The appellant argues that his conviction was unconstitutional in that (1) only two-thirds of the members were required to vote for a conviction and (2) the members were all superior in rank to him. The first contention was answered by Judge Fulton in *United States v. Guilford*, 8 M.J. 598 (A.C.M.R.1979), *pet. denied*, 8 M.J. 242 (C.M.A.1980). The second was rejected in *De War v. Hunter*, 170 F.2d 993 (10th Cir. 1948), *cert. denied*, 337 U.S. 908, 69 S.Ct. 1048, 93 L.Ed. 1720 (1949). *See also United States v. Kemp*, 22 U.S.C.M.A. 152, 46 C.M.R. 152 (1973).

## IV

When this Court previously determined that the court-martial had no jurisdiction over the offense with which appellant was charged, we also dismissed appellant's petition for a new trial as being moot. The prior decision on jurisdiction being in error and being reversed, it follows that our dismissal of the petition for new trial for mootness was also in error. We will, therefore, proceed to consider the petition on its merits.

The appellant asks for a new trial on the basis of fraud on the court. He contends that the two accomplices perjured themselves at his trial and offers a CID Report of Investigation to that effect.[6] Although we are not convinced the report is sufficient to establish the perjury, we will treat it as such for the purpose of this action.

The perjured testimony concerned a fatigue shirt that the accomplices identified as being the one worn by the driver when

6. Curiously, appellant's trial defense counsel is listed as both the complainant and the individual within the staff judge advocate's office with

whom the CID investigators coordinated their conclusions.

he ran the appellant's car off the cliff. They testified that because the shirt was damaged when the driver jumped from the vehicle just before it plunged over the precipice, they hid it in a nearby woods where it remained for eight months. Laboratory examinations made of the shirt several months after the trial indicated the shirt had been exposed to the elements for no more than 30 days and the damage was not of the type caused by an abrasive slide across the ground.

■ Treating the accomplices' testimony concerning the fatigue shirt as being false, we must determine if "it had a substantial contributing effect upon the findings of guilty or upon the sentence adjudged." Paragraph 109$d$(3), Manual for Courts-Martial, United States, 1969 (Revised edition). We conclude that it did not. The existence of the fatigue shirt offered some support for the accomplices' version of events, but production of that article in court had a minimal effect. It could just as easily have been left out. For whatever reasons they chose to fabricate that portion of their testimony, we believe it had no effect on the remainder of their testimony which was supported by other evidence as indicated above. The dovetailing evidence was so convincing that we cannot conceive a different result even if the falsity had been exposed to the members. We find no possibility that "a new trial would probably produce a substantially more favorable result for the [appellant]." Paragraph 109$d$(1), MCM, 1969 (Rev.).

The petition for a new trial is denied. The findings of guilty and the sentence are affirmed.

Senior Judge MITCHELL and Judge LEWIS concur.

**UNITED STATES, Appellee,**