UNITED STATES, Appellee,

v.

Zachary L. RICKETTS, Private, U.S. Army, Appellant.

No. 29,061.

U. S. Court of Military Appeals.

July 18, 1975.

Captain Gregory M. Van Doren argued the cause for Appellee, United States. With him on the brief were *Lieutenant Colonel Ronald M. Holdaway, Lieutenant Colonel Donald W. Hansen,* and *Captain David A. Schlueter.*

## OPINION OF THE COURT

FERGUSON, Senior Judge:

Tried before a general court-martial with members for attempted premeditated murder, the appellant was found guilty of an assault in which grievous bodily harm was intentionally inflicted and was sentenced to confinement at hard labor for 2 years, total forfeitures, and a bad-conduct discharge. Those findings and the sentence were approved by the convening authority and affirmed by the United States Army Court of Military Review.

The facts giving rise to this appeal are as follows. At an out-of-court hearing to discuss proposed instructions, the defense counsel originally indicated that simple assault and assault in which grievous bodily harm was intentionally inflicted were the only lesser included offenses. However, the military judge expressed some reservation as to whether the intentional infliction of grievous bodily harm was a lesser included offense, apparently because he thought that the accused's intent to inflict such injuries was not alleged in the attempted murder specification. After the defense objected to an instruction on this offense, it was finally agreed that simple assault and battery and assault with a means likely to produce grievous bodily harm were the only lesser included offenses.

As given, the military judge's instructions encompassed only the charged offense and these two lesser included offenses. At the conclusion of those instructions, the military judge stated:

> If the court desires my views as to the form of your findings after they have been reached, the court will be open[ed] and the President . . . before announcing the findings . . . will present them to me to examine for defects in form.

Captain Robert C. Mueller argued the cause for Appellant, Accused. With him on the brief were *Colonel Victor A. DeFiori, Major Richard J. Goddard,* and *Captain Michael R. Caryl.*

After deliberations and upon reconvening the court, the military judge asked the members if they had reached their findings. The president responded, "Your honor, we request that you examine the verbiage of the findings." The court's initial worksheet, which the president then handed to the military judge, contained the following notation:

Of the Specification . . . Guilty, except the word(s) "with premeditation, attempt to murder" (and "a 105 mm shell casing"), [substituting therefor . . . the word(s) "unlawfully commit aggravated assault, producing . . . grievous bodily harm, upon" "for the former only"] of the excepted word(s), Not Guilty (, of the substituted word(s), Guilty).

Of the Charge . . . Not Guilty, but Guilty of a violation of Article 128.

Upon examination of those findings, the military judge expressed the view that the worksheet suggested possible findings of guilty to either of two offenses: an assault with a means likely to produce grievous bodily harm or an assault in which grievous bodily harm was intentionally inflicted. Because his original instructions did not encompass the latter, the military judge, over defense objection, indicated that he would further instruct on both of these offenses in order to remove the ambiguity. He also stated that the offense of attempted murder would not be reconsidered by the court since their originally proposed findings reflected a not guilty verdict as to it. When the court members still expressed some confusion as to the proper wording involved in the two lesser included offenses following the additionally given instructions, the military judge explained the proper wording for findings by exceptions and substitutions and gave the court a findings worksheet containing the appropriate language as to each. The court then

1. *See* paragraph 74g, MCM.

2. *See* paragraph 74d (3), MCM, which establishes a procedure whereby the court, on its own motion, may reconsider any finding before the same is formally announced in open session

retired and subsequently returned findings of guilty to an assault in which grievous bodily harm was intentionally inflicted.

As so presented, we granted review to consider whether the military judge could properly give additional instructions under the circumstances of this case; whether, in doing so, he also should have instructed the court on the procedures for reconsideration; whether he erred in refusing a defense request to include the proper wording for simple assault and battery in the final worksheet submitted to the court; and whether he erred by failing to instruct that the court could still return findings of not guilty. Our disposition of this case requires only a discussion of the first issue.

■ Paragraph 74f (1), Manual for Courts-Martial, United States, 1969 (Rev.), establishes a careful procedure by which the court members, after finally voting on findings in closed session, may ask the military judge for assistance in putting those findings in proper form. Although this paragraph specifically provides that any statement by the president of the court which is made during such a request does not constitute the formal announcement of findings,[1] the provisions of this paragraph make it abundantly clear that this procedure is only designed to provide the court members with a means of assistance whereby the military judge may aid them in open court with the proper wording or form of the findings that have already been voted upon and reached in closed session.[2]

■ As evidenced from the original findings worksheet which the president of the court here submitted to the military judge in accordance with the procedure as outlined above, the court members had voted upon and made their findings. The only matter remaining unresolved was the proper wording or form of those findings for the

and any finding of guilty before the sentence is first announced, and paragraph 74e, which establishes a procedure whereby the court, when in doubt as to the applicable law during deliberations, may open the court and request additional instructions from the military judge.

court had clearly reached its verdict. The crucial question thus presented for our consideration is whether the military judge could properly give additional instructions, including one on a lesser offense erroneously omitted from his original charge,[3] at this point in the proceedings.

The question of whether a law officer, the Code's predecessor to the military judge, could ever properly direct the court members to reconsider their findings in order that any error or omission in his original charge might be corrected was last considered by this Court in *United States v. Cooper*, 15 U.S.C.M.A. 322, 35 C.M.R. 294 (1965). We found prejudicial error in that case where the law officer, well after the announcement of findings and during the sentencing portion of the trial, attempted to have the court revoke its earlier findings in order to correct his failure originally to give an instruction on the effect of character evidence and to have the court vote again on the issue of guilt or innocence. After reviewing the pertinent Code and Manual provisions then existing as well as applicable federal and state authority on the matter, we concluded:[4]

> In light of these well-defined principles, we believe the correct rule to be applied in military law is that, as noted in the authorities set out above, it is the right and duty of the law officer to recall the court and correct any error or omission in his charge at any time prior to its return of a proper verdict. . . . Application of this rule gives the widest possible latitude to the trial judge to correct error at the *nisi prius* level and to

avoid prejudice to the accused though permitting the court to deliberate without proper guidance. At the same time, the accused remains protected from the dangers inherent in attempting to have the members, as here, reconsider with open minds and under proper instructions an issue which they have already settled to their own satisfaction, albeit without correct advice concerning the applicable law.

 Our analysis of the propriety of the additional instructions given in this case must begin with an examination of the findings originally reached by the court members to determine whether, although not formally announced, those findings nonetheless constituted a proper verdict. In substance, the document so submitted to the military judge disclosed that the court members found that the appellant did "unlawfully commit aggravated assault, producing grievous bodily harm upon" the named victim. As so worded, it appears reasonably certain that the court members found an actual infliction of grievous bodily harm, which, along with the specific intent to inflict such injury, is an additional element required for an assault in which grievous bodily harm is intentionally inflicted but one not necessary for the lesser offense of assault with a means likely to produce grievous bodily harm.[5] A comparison of those findings with the instructions earlier given on the lesser included offense of an assault with a means likely to produce grievous bodily harm clearly demonstrates, however, that the wording which the court employed to reflect their findings substan-

---

3. Although the offense of an assault in which grievous bodily harm is intentionally inflicted was clearly raised by the evidence in this case, the military judge erred by originally concluding that a specification alleging premeditated murder did not contain, by clear implication, an intent to inflict grievous bodily harm. *See United States v. Malone*, 4 U.S.C.M.A. 471, 16 C.M.R. 45 (1954); *United States v. Shelton*, 4 U.S.C.M.A. 116, 15 C.M.R. 116 (1954). Under the circumstances presented by this case, however, the error was to the benefit of the appellant.

4. 15 U.S.C.M.A. at 326, 35 C.M.R. at 298.

5. These two forms of aggravated assault and battery are distinguished by the fact that an assault in which grievous bodily harm was intentionally inflicted requires proof of both the actual intent and the infliction of grievous bodily harm whereas an assault with a means likely to produce grievous bodily harm only requires proof that the weapon or other means was used in a manner likely to produce that result. Article 128, UCMJ, 10 U.S.C. § 928; paragraph 207c, MCM. The maximum imposable confinement for the greater offense is 5 years while the lesser carries a maximum of 3 years. Paragraph 127c(6), MCM.

tially incorporated the language used by the military judge in giving that instruction, when he repeatedly referred to the offense as an "aggravated assault." Since the court members were also instructed on the nature of "grievous bodily harm" when the military judge defined the means or force "likely to produce" that result, the findings they originally returned were not inconsistent with their instructions. Inasmuch as the military judge failed originally to instruct on the elements of the lesser included offense of an assault in which grievous bodily harm was intentionally inflicted, moreover, any such finding by the court members as to that offense would have been illegal. *United States v. Morgan*, 8 U.S.C.M.A. 659, 25 C.M.R. 163 (1958); *United States v. Burden*, 2 U.S.C.M.A. 547, 10 C.M.R. 45 (1953).

█ In the absence of evidence indicating otherwise, a jury is presumed to have complied with the instructions given them by the judge. *Daniel v. United States*, 268 F.2d 849 (5th Cir. 1959); *Donaldson v. United States*, 248 F.2d 364 (9th Cir. 1957), *cert. denied*, 356 U.S. 922, 78 S.Ct. 706, 2 L.Ed.2d 717 (1958). In short, a verdict is proper and sufficient if it indicates the intention of the jury. *Tapley v. United States*, 353 F.2d 786 (5th Cir. 1967). Because there is no evidence suggesting that the court members did not follow the instructions earlier given them by the military judge in this case, it must therefore be presumed, despite the somewhat inartful wording employed, that the court members had reached a proper verdict in which the appellant was only found guilty of an assault with a means likely to produce grievous bodily harm.

█ Notwithstanding the fact that the court had not formally announced its findings, we hold that the military judge erred to the prejudice of the appellant by further instructing them as to an offense not included within his original charge at a point after which the court members had already reached a proper verdict. *United States v. Cooper, supra*. Indeed, such a holding conforms and is entirely consistent with the procedure outlined in paragraph 74f(1),

MCM, which, while providing a means whereby the court members may be assisted by the military judge in open court with the proper form of their findings, specifically limits the giving of additional instructions to those situations in which "the court has not reached its findings."

█ Nothing we say here is intended, of course, to lessen or diminish the power and duty of a military judge to insure that the court members are fully and properly instructed on all questions of law where, even though the court members may have retired for their deliberations, they have not yet reached findings, or if findings have been reached, there is clear indication that those findings are illegal. *United States v. London*, 4 U.S.C.M.A. 90, 15 C.M.R. 90 (1954). But to hold otherwise in this case would be tantamount to sanctioning a procedure in which a military judge could later change or modify his incomplete or erroneous instructions to bring them into conformity with matters believed raised in the unannounced findings of a military jury but not previously covered within his original charge to them. Such a *nunc pro tunc* procedure is unacceptable and an improper deviation from the duty of the military judge to make certain that the court members resolve an accused's guilt or innocence in the first instance with an open mind under proper instructions.

In view of our holding that the military judge erred to the prejudice of this appellant by instructing on an additional offense where only his assistance as to the proper form of findings already reached was needed, the remaining issues challenging various aspects of the legality of those additionally given instructions are moot.

The decision of the U.S. Army Court of Military Review is reversed. The record of trial is returned to the Judge Advocate General of the Army for submission to the Court of Military Review for further action not inconsistent with this opinion.

Judge COOK concurs.

Chief Judge FLETCHER did not participate in the decision of this case.