UNITED STATES, Appellee,

v.

Private (E–2) James H. PITTMAN, SSN 226–80–6674, United States Army, Appellant.

SPCM 12846.

U. S. Army Court of Military Review.

25 July 1977.

---

Colonel Robert B. Clarke, JAGC, Lieutenant Colonel John R. Thornock, JAGC, and Captain John E. Caulking, JAGC, were on the pleadings for appellant.

Counsel for appellee declined to file pleadings.

Before JONES, FULTON and FELDER, Appellate Military Judges.

## OPINION OF THE COURT

JONES, Senior Judge:

The appellant pleaded not guilty to but was found guilty of possessing and selling heroin in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934. He was sentenced by the special court-martial with members to a bad-conduct discharge, forfeiture of $249.00 per month for six months, confinement at hard labor for six months, and reduction to the grade of Private E–1.

In announcing the sentence, the president of the court did not include a statement as to the percentage of members who concurred in the sentence. This shortcoming is traceable to the sentence worksheet furnished to the president which also omits any reference to the required percentage.

The military judge in his instructions on sentence correctly advised the court that concurrence of two-thirds of the members was required in order to arrive at a proper sentence. He stated that this meant six of the eight members sitting must concur. For emphasis, he repeated the percentage and the number required just prior to clos-ing the court. There is no doubt that the court was properly instructed. The question remains as to the effect of the president's failure to announce that the required percentage concurred in the sentence.

Article 52(b), UCMJ, 10 U.S.C. § 852(b), prescribes the number of votes required to impose a particular sentence. It contains no requirement that the percentage be announced. Paragraph 76c, Manual for Courts-Martial, United States, 1969 (Revised edition), includes the statement that, "Only the required percentage of members who concurred in the sentence should be announced." This implies that the percentage should be announced but does not make it mandatory. We therefore conclude that failure to announce the required percentage of members concurring in the sentence is not error, absent an indication that less than the correct number concurred.

We rely on the presumption that the court members complied with the instructions of the military judge. *United States v. Ricketts*, 23 U.S.C.M.A. 487, 50 C.M.R. 567, 1 M.J. 78 (1975); *United States v. Cox*, 17 C.M.R. 418 (A.B.R.1954).

The findings of guilty and sentence are affirmed.

Judge FULTON and Judge FELDER concur.