**UNITED STATES, Appellee,**

v.

**Private First Class (E–3) Milton E. PAIGE, SSN 587–84–1873, United States Army, Appellant.**

**CM 436498.**

U. S. Army Court of Military Review.

29 Sept. 1978.

Captain Richard A. Pearson, JAGC, argued the cause for appellant. With him on the brief was Captain William L. Finch, JAGC.

Captain Brian X. Bush, JAGC, argued the cause for appellee. With him on the brief were Colonel Thomas H. Davis, JAGC, Lieutenant Colonel R. R. Boller, JAGC, and Captain Douglas P. Franklin, JAGC.

Before JONES, DeFORD and LEWIS, Appellate Military Judges.

## OPINION OF THE COURT

LEWIS, Judge:

Contrary to his pleas, the appellant was convicted of rape[1] and sentenced to a bad-conduct discharge, confinement at hard la-bor for five years, total forfeitures, and reduction to the lowest enlisted grade.

■ Four errors are urged upon us as requiring corrective action. The first asserts insufficiency of the evidence of appellant's guilt. That the victim was raped successively by several soldiers, including three who originally abducted her, was not contested. One of the principal issues at trial was whether the appellant, who entered the barracks room in the course of the rape, himself participated. One cannot gainsay that there were contradictions in the testimony of witnesses, one to another, and that much of it was improbable. This observation is equally applicable to the testimony of witnesses on each side. Weighing all of the evidence and affording special consideration to the findings of the court members who saw and heard the witnesses, however, we find that the evidence establishes appellant's guilt to a moral certitude beyond a reasonable doubt.

■ Another assigned error involves the purported loss of control over the court members by the military judge. This case stands as another monument to the wisdom of the procedure suggested in paragraph 2–1, Military Judges' Guide, Department of the Army Pamphlet 27–9. This procedure, if followed, would have required members to write their questions on a piece of paper to be given to the military judge, who, after an opportunity for objection by counsel and a determination of propriety, would conduct the appropriate examination. The record of trial in the case before us evinces an extremely assertive personality in the president of the court. This, coupled with appropriate skepticism, spurred numerous members of the court to question witnesses for each side extensively and directly. The record discloses at least as much skepticism of parts of the testimony of government witnesses as that of the defense witnesses. An accused is entitled to have his case considered by an impartial court,[2] not an

---

1. In violation of Article 120, Uniform Code of Military Justice, 10 U.S.C. § 920.

2. *United States v. Domenech*, 18 U.S.C.M.A. 314, 40 C.M.R. 26 (1969); *United States v. Pratt*, 15 U.S.C.M.A. 558, 36 C.M.R. 56 (1965).

inert one. In our view, while the military judge and both counsel might have more completely fulfilled their responsibilities to orchestrate the development of the evidence, the members of the court did not adopt partisan postures in their quest to resolve doubt in their individual minds. If anything, their considerable activity manifested open-mindedness and a highly responsible sense of their duty as fact-finders. Accordingly, we find no error.

■ Still another assignment of error deals with the issue of whether dismissal is mandated in this case for exceeding 90 days from the date of sentencing until convening authority action absent a heavy government burden to show diligence.[3] We will address the assignment on its merits and not dwell at length over the question of whether an earlier Court of Military Appeals denial of a petition for a writ of habeas corpus was dispositive so as to now be res judicata.[4] A brief post-trial processing chronology will be useful. Appellant was sentenced on 27 April 1977. The 421 page record of trial was transcribed and authenticated on 9 June 1977. As a result of the original convening authority having granted immunity to two prosecution witnesses, the record of trial was laterally transferred to another convening authority for post-trial review and action, being received at the gaining headquarters on 21 June 1977. On 7 July, the completed Staff Judge Advocate Post-Trial Review was mailed to appellant's trial defense counsel (at the original trial situs about 60 miles distant) for his consideration.[5] On 19 July 1977, the last day of the Goode period, the defense counsel telephonically requested an extension of time for his consideration. No express length was specified in the request, which was immediately approved. The defense counsel mailed the authenticated record without comment on the review on 22 August, and the documents arrived at the office of the staff judge advocate on 30 August. The convening authority took action on 6 September, the 132nd day after sentencing. Appellant concedes that the period from 19 July until 22 August, some 34 days, is attributable to the defense. He asserts, however, that the Dunlap "clock" recommenced to run against the Government when his trial defense counsel deposited his response in the mail, thereby resulting in a net total of 98 days and the triggering of the Dunlap presumption.

■ We disagree. Had there been no extension of time, the convening authority could have taken action on the sixth day after Goode service on defense counsel even in the face of defense silence. Here defense counsel requested an open-ended extension of time for consideration of his Goode response. The Government acquiesced.[6] Accordingly, until the Government was in actual receipt of the defense response to the post-trial review, the convening authority's hand was stayed and the clock cannot be held to be running. Deducting the period from 22 August until 30 August further reduces the processing time attributable to the Government to 90 days. We are also satisfied from an examination of the allied papers accompanying the record of trial that the government's diligence in its post-trial processing was generally

3. *Dunlap v. Convening Authority*, 23 U.S.C. M.A. 135, 48 C.M.R. 751 (1974).

4. Prior to the 6 September 1977 promulgating action by the convening authority, appellant filed a Petition for Extraordinary Relief in the Form of a Writ of Habeas Corpus, citing that more than 90 days had elapsed without action by the convening authority. After receipt of pleadings, the Court of Military Appeals denied the petition without explanation. We will resolve doubt in favor of appellant and consider the basis to have been that matters raised in the petition could be more appropriately raised in the normal course of appellate review.

5. *United States v. Goode*, 1 M.J. 3 (C.M.A. 1975).

6. We laud the grant of the requested extension. *See United States v. Rothrock*, 3 M.J. 776, 780 (A.C.M.R.1977). But we also suggest that, when future extensions are granted, they be for specific periods, subject to further extensions for good cause shown.

adequate under the circumstances of this case.

 We have considered the other assignment of error and find it lacks merit. However, the sentence in this case, when compared to those of the other perpetrators in the rape, concerns us. On its own facts, with due consideration of extenuation and mitigation, we would not hesitate to affirm the sentence imposed by the court and approved by the convening authority. But the same military judge, in separate bench trials, imposed sentences that only extended confinement to nine months for the other perpetrators whose participation far exceeded appellant's.[7] We cannot turn a blind eye to disparities of such gross dimensions and are constrained to consider whether appellant's individual sentence remains appropriate against that backdrop.[8] It does not.

The finding of guilty is affirmed. After considering the entire record, the Court affirms only so much of the sentence as provides for a bad-conduct discharge, confinement at hard labor for nine months, forfeiture of all pay and allowances and reduction to the grade of Private E–1.

Senior Judge JONES and Judge DeFORD concur.

---

7. We take judicial notice of our records as they pertain to the cases of the co-perpetrators for purposes of consideration of appropriateness of sentence. *United States v. Perkins*, 40 C.M.R. 885 (A.C.M.R.1969).

8. We do not, however, hold that all superficially disparate sentences should be reduced to the lowest sentence. Sentences must both fit the crime and be responsive to the character, background and potential for rehabilitation of the accused. *United States v. Hill*, 21 U.S.C.M.A. 203, 44 C.M.R. 257 (1972).