UNITED STATES, Appellee,

v.

**Private First Class (E–3) Clarence A. BARCLAY, SSN 009–52–5754, United States Army, Appellant.**

**CM 436703.**

U. S. Army Court of Military Review.

20 Dec. 1978.

---

4. *Id.* at 307.

to the lesser included offenses of wrongful appropriation and unlawful entry, but the military judge held the plea to wrongful appropriation to be improvident and entered a plea of not guilty to that offense on appellant's behalf. Appellant persisted in his guilty plea to unlawful entry, and the trial proceeded before a court with officer and enlisted members. The court found appellant guilty of both offenses as charged and imposed a sentence of reduction to the lowest enlisted grade, confinement at hard labor for one year, and forfeiture of all pay and allowances. The convening authority approved the sentence, with the proviso that the forfeitures were to terminate upon appellant's release from confinement. Our review of the case is pursuant to Article 66, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 866.

Kimberly B. Cheney, Esquire, argued the cause for the appellant. With him on the brief were Colonel Robert B. Clarke, JAGC, Colonel Edward S. Adamkewicz, Jr., JAGC, Major Benjamin A. Sims, JAGC, Major Carlos A. Vallecillo, JAGC, Major D. David Hostler, JAGC, and Captain James J. Parwulski, JAGC.

Captain Robert D. Newberry, JAGC, argued the cause for the appellee. With him on the brief were Colonel Thomas H. Davis, JAGC, Major Michael B. Kennett, JAGC, and Captain Richard A. Kirby, JAGC.

Before DE FIORI, CARNE and THORNOCK, Appellate Military Judges.

## OPINION OF THE COURT

DE FIORI, Chief Judge:

Appellant was charged with larceny and housebreaking. He offered pleas of guilty

I

During the course of the oral argument in this case, appellant's counsel moved the Court to take judicial notice of three documents from the record of trial of Private First Class Moklak, who participated with appellant in the commission of these offenses. The documents of which we have been asked to take judicial notice are the order promulgating the results of Moklak's trial, the staff judge advocate's review of Moklak's trial, and the findings worksheet employed in those proceedings.[1] Appellate government counsel voiced strong opposition at the oral argument to the motion for judicial notice, and the positions of both sides have been memorialized in pleadings subsequently filed before this Court.

■ The making of motions during the course of oral argument is permitted by

---

1. Appellant contends that Moklak's court-martial promulgating order will establish that a participant in these offenses with culpability equal to or greater than his own received significantly less punishment, and that appellant has therefore been unfairly treated. He believes that the staff judge advocate's review in the Moklak proceedings will demonstrate that the convening authority was not advised of the disparity in the sentences of these two offenders. He also posits that our review of the findings worksheet in Moklak's case will demonstrate that the court-martial might have found a lesser degree of culpability on appellant's part if the findings worksheet in his own case had used a different (and, he argues, more correct) format. *See* Part III, *infra*.

Rule 21a of this Court's rules.[2] Nevertheless, in the interest of orderly proceedings, we deem it preferable that counsel wishing to make motions do so in writing and sufficiently in advance of oral argument to permit opposing counsel time to reply, unless circumstances militate to the contrary.

■ Upon consideration of appellant's motion in this case, we deny the motion to judicially notice the staff judge advocate's review and the findings worksheet from the record of the Moklak trial. In neither instance has appellant advanced any facts tending to show a causal relationship between the contents of those exhibits and the findings and approved sentence in his case. Because the relevance of these documents has not been established, we need not reach the question of the applicability of *United States v. Bethea,* 22 U.S.C.M.A. 223, 46 C.M.R. 223 (1973). On the other hand, we hereby grant appellant's motion that we take judicial notice of the promulgating order in Moklak's case, as this Court is permitted, in the exercise of its discretion, to consider on the issue of sentence appropriateness the outcome of the cases involving other participants in the crimes of which any given appellant stands convicted. *See, e. g., United States v. Paige,* 6 M.J. 529 (A.C.M.R.1978); *United States v. Hightower,* 5 M.J. 717 (A.C.M.R.1978).

## II

■ Appellant contends upon this appeal that it was error for the trial counsel to read aloud, in the presence of the court members, the names of certain officers, who were identified as having preferred or investigated the charges, or having forwarded the charges with recommendations as to disposition. The announcement of these names is required by paragraph 62*b,* Manual for Courts-Martial, United States, 1969 (Revised edition), as part of the challenge procedure,[3] and was not the subject of an objection at trial. The reason for announcing the names of the persons who have preferred and processed the charges is to insure on the record that none of these statutorily disqualified persons[4] is among the members of the court.

Appellant, however, contends that the trial counsel's announcement of the names of these officers deprived him of his constitutional right to confront persons who were, in effect, witnesses against him. Appellant relies upon *Parker v. Gladden,* 385 U.S. 363, 87 S.Ct. 468, 17 L.Ed.2d 420 (1966), a case where the Supreme Court found a violation, *inter alia,* of the Sixth Amendment right to confrontation in a bailiff's extrajudicial statement to the jurors he was escorting that the defendant in that case was a "wicked fellow" and was guilty. We believe that case to be distinguishable from the case at bar, because the announcement made in these proceedings by the trial counsel did not disclose or intimate to the members the results of the pretrial investigation of the charges, or the opinions and recommendations of any of the officers who had forwarded the charges.[5] Unlike the bailiff's statement in *Parker v. Gladden,* the trial counsel's announcement was not a communication by a person holding a special relationship vis-a-vis the fact finder of any "private talk" tending to exert "outside influence" upon the court members' resolution of the ultimate issue.[6] Since the announcement complained of did not place before the court any "testimony" by the accuser, investigating officer, or person forwarding the charges, there was no violation of appellant's right to confront adverse witnesses.

---

2. Courts of Military Review Rules of Practice and Procedure, AR 27–13 (1 August 1969).

3. *See also* Appendix A8, MCM, 1969 (Rev.), at A8–12.

4. *See* Article 25(d)(2), UCMJ, 10 U.S.C. § 825(d)(2); paragraph 62*f,* Manual, *supra.*

5. Experience teaches that Article 32, 10 U.S.C. § 832 investigating officers and officers who forward charges with recommendations do not invariably view the evidence sufficient to warrant trial, nor do they inevitably recommend the method of disposition of charges selected by the convening authority in any given case.

6. *Parker v. Gladden,* 385 U.S. at 364–5, 87 S.Ct. 468.

In addition, any possible misunderstanding as to the effect of the trial counsel's announcement was dispelled by the military judge's preliminary and pre-findings instructions that appellant was presumed to be innocent, and that neither the fact of preferral nor referral to trial of the charges warranted any inference of guilt. We therefore hold the assignment of error to be without merit.

## III

Appellant also views as erroneous the findings worksheet provided to the court members for use in announcing their findings.[7] Appellant first asserts that the worksheet is deficient because it contains no language whereby appellant could have been acquitted of all charges and specifications. Appellant also complains of the fact that the worksheet, while listing formats for conviction of two lesser included offenses of Charge II's housebreaking offense (including unlawful entry, to which he pleaded guilty), contains no format allowing the members to return separate findings on the housebreaking offense as alleged.

■ In military practice, a findings worksheet is provided to the court members during the military judge's instructions. This worksheet is intended to be used by the members as a guide to putting their findings in proper form, and it must therefore be tailored to the facts of each case. It is generally desirable that the first entries on a findings worksheet should contain the formats for findings as to all charges and specifications, and that the format for complete acquittal should precede the format for complete conviction.[8] It was not error to delete the format for complete acquittal from the findings worksheet in the present case, however, because the appellant had pleaded guilty to a lesser included offense of Charge II. While we agree with appellant that the findings worksheet is in error by failing to provide a format for separate findings as to Charge II, we find no possible prejudice to appellant from this error. We disagree with appellant's hypothesis that the court, believing appellant guilty of Charge II, but guilty only of a lesser included offense of Charge I, might nevertheless have found appellant guilty of all charges and specifications for the purpose of insuring appellant's conviction of housebreaking. Such a theory assumes that the court members disregarded the military judge's instructions that in order to find the appellant guilty of Charge I (larceny), they had to be satisfied by legal and competent evidence beyond a reasonable doubt of each of the elements of that offense. We find no indication in this record which would lead us to depart from the fundamental rule that the court members are presumed to act in accordance with the instructions of the military judge. *United States v. Ricketts,* 1 M.J. 78 (C.M.A.1975); *United States v. Reid,* 8 U.S.C.M.A. 4, 23 C.M.R. 228 (1957); *United States v. Kupfer,* 3 U.S.C.M.A. 478, 13 C.M.R. 34 (1953).

## IV

The remaining assignments of error have been considered and found to be without merit or prejudice to the appellant's substantial rights.

■ Appellant contends that the approved sentence in his case is inappropriately severe, inasmuch as the confinement portion of the sentence adjudged in his case was twice that adjudged in the case of his companion, Private First Class Moklak. Although we have in some cases considered the results of companion cases in deciding the issue of sentence appropriateness, we decline to hold that all participants in a criminal venture must receive equivalent punishments. We have carefully reviewed the record in this case, and we conclude that the approved sentence is appropriate to the offense and to the offender.

---

7. At trial, appellant's civilian defense counsel stated that he had examined the findings worksheet and had no objections to it.

8. The general format for a findings worksheet is set out at Appendix B, DA Pam 27–9, The Military Judge's Guide.

The findings of guilty and the sentence are affirmed.

Senior Judge CARNE and Judge THORNOCK concur.