# UNITED STATES COAST GUARD COURT OF CRIMINAL APPEALS

## UNITED STATES

v.

## Jerry L. HARDY
### Marine Science Technician First Class (E-6), U.S. Coast Guard

## CGCMG 0316
### Docket No. 1408

## 23 May 2016

General Court-Martial convened by Commander, Coast Guard Personnel Service Center. Tried at Norfolk, Virginia, on 08-11 July 2014.

| | |
|---|---|
| Military Judge: | CAPT Christine N. Cutter, USCG |
| Trial Counsel: | LT Jeffery C. Barnum, USCG |
| Assistant Trial Counsel: | LCDR Austin D. Shutt, USCG |
| Defense Counsel: | LT John T. Cole, JAGC, USN |
| Assistant Defense Counsel: | LCDR Angela J. Tang, JAGC. USN |
| Civilian Appellate Defense Counsel: | Mr. Philip D. Cave, Esq. |
| Military Appellate Defense Counsel: | LT Philip A. Jones, USCGR |
| Appellate Government Counsel: | LCDR Amanda M. Lee, USCG |

### BEFORE
### McCLELLAND, HAVRANEK & CLEMENS
Appellate Military Judges

Per curiam:

Appellant was tried by general court-martial composed of officer and enlisted members. Contrary to his pleas of not guilty, Appellant was convicted of one specification of aggravated sexual abuse of a child, in violation of Article 120, Uniform Code of Military Justice (UCMJ); and one specification of false official statements, in violation of Article 107, UCMJ. The court sentenced Appellant to confinement for twelve years, reduction to E-1, forfeiture of all pay and allowances, and a dishonorable discharge. The Convening Authority approved the sentence.

Before this court, Appellant has assigned the following errors:

I. The evidence supporting Charge I was factually insufficient.

II.      The military judge erred in using a "very slight" quantum of evidence to determine there was sufficient corroboration of appellant's statements to law enforcement.

III.     The military judge abused her discretion in permitting the prosecution to introduce evidence of alleged wrongful sexual acts against ZB under Military Rule of Evidence 414.

IV.     The military judge erred in allowing prosecution evidence protected by M.R.E. 412 to be admitted without requiring compliance with M.R.E. 412, and without holding a hearing in accordance with M.R.E. 412; and this prejudiced appellant.

V.     Dr. Jenny was asked to testify, without objection, to the truth of the child's testimony, when the prosecution asked her to comment on the denial of misconduct in a prior interview.

VI.     The military judge erred in failing to dismiss the charges, where there was credible evidence of unlawful command influence and the prosecution is unable to establish beyond reasonable doubt that unlawful command influence did not exist and did not adversely affect his trial.

VII.     MST1 Hardy's sentence is inappropriately severe.

We reject the first two issues. As to factual sufficiency of Charge I, taken as a whole, we find the evidence sufficient; we are convinced beyond a reasonable doubt of Appellant's guilt. *See United States v. Turner*, 25 M.J. 324, 325 (C.M.A. 1987). As to corroboration, Appellant acknowledges that the military judge followed governing case law (*United States v. Melvin*, 26 M.J. 145 (C.M.A. 1988)), but seeks to preserve the issue for further appellate review. We also summarily reject the sixth issue. *See United States v. Biagase*, 50 M.J. 143, 150 (C.A.A.F. 1999); *United States v. Simpson*, 58 M.J. 368, 373 (C.A.A.F. 2003).

Concerning the M.R.E. 414 evidence, admitted under Military Rule of Evidence (M.R.E.) 414, Manual for Courts-Martial, United States (2012 ed.), Assignment of Error III, we find no abuse of discretion on the part of the military judge in her preliminary ruling, and no error in the ultimate admission of the evidence. *See United States v. Solomon*, 72 M.J. 176, 179 (C.A.A.F. 2013) (describing threshold findings for admissibility of M.R.E. 413 evidence, and by analogy M.R.E. 414 evidence); *United States v. Wright*, 53 M.J. 476, 482-83 (C.A.A.F. 2000) (describing balancing test for admissibility of M.R.E. 414 evidence).

In Assignment of Error IV, Appellant argues that the military judge should not have admitted, over defense objection, evidence of the purported child victim's other sexual behavior, which he asserts fell within the prohibition of M.R.E. 412. The evidence objected to consisted of Government-offered testimony concerning the child victim's sexualized behaviors at various times and places.

At the time the current language of the rule was introduced, its purpose was described thus:

> The rule aims to safeguard the alleged victim against the invasion of privacy, potential embarrassment and sexual stereotyping that is associated with public disclosure of intimate sexual details and the infusion of sexual innuendo into the factfinding process. By affording victims protection in most instances, the rule also encourages victims of sexual misconduct to institute and to participate in legal proceedings against alleged offenders.

Advisory Committee Notes, 1994 Amendments, Fed. R. Evid. 412.

The application of this rule to this case, with an alleged victim who was three years old at the time of the alleged offense and five years old at the time of trial, does not obviously serve the purpose of the rule. We have found no military or federal cases where the relevant part of the rule was analyzed in the light Appellant has shone on it, nor have we found any cogent support for his interpretation of the rule. We will not disturb the military judge's ruling admitting the evidence.

In Assignment of Error V, Appellant complains that Dr. Jenny, the government's expert on child sexual abuse, was asked to and did invade the province of the panel of members. Specifically, Dr. Jenny was asked if the fact that the five-year-old child victim denied or did not address the abuse during forensic interviews was "in keeping with the disclosure research?" (R. at lines 12772-12775.) Dr. Jenny responded, "I think he's only a kid. . . . I think it's in keeping with common sense too, very hard to have strangers asking the[m] tough question, . . . and you're not even really sure what they mean." (R. at lines 12776-12779.)

There was no objection to this part of Dr. Jenny's testimony.

Following the conclusion of Dr. Jenny's testimony, the military judge instructed the members:

> I just want to remind you that only you, the members of the court, determine the credibility of witnesses and what the facts are in this case. No expert witness or other witness can testify that some other witness' account of what occurred is true or credible, that the witness, expert or non-expert, believes another witness or that a charged offense did or did not occur.

(R. at lines 12979-12985.)

A similar instruction, if anything stronger, was given during final instructions. (R. at lines 13967-76.) *See United States v. Mullins*, 69 M.J. 113, 117 (C.A.A.F. 2010) (quoting *United States v. Thompkins*, 58 M.J. 43, 47 (C.A.A.F. 2003)) ("Absent evidence to the contrary, court members are presumed to comply with the Military Judge's instructions."); *see also United States v. Ricketts*, 1 M.J. 78, 82 (C.M.A. 1975).Dr. Jenny never testified that she believed the victim's testimony, that he was telling the truth, or that the victim was sexually abused. We see no error, and certainly no plain error, in the question and the answer.

Finally, Appellant asserts that his sentence is inappropriately severe, and that it was affected by cumulative error, warranting sentence relief.

After admission of Defense Exhibit D, an affidavit that mentioned that "prisoners are eligible for parole at one third of the sentence," the trial counsel called attention to this point in his sentencing argument to support a lengthy sentence to confinement. (R. at lines 16188-94.) The defense objected, and upon request the military judge instructed the members not to consider collateral consequences such as the possibility of parole. (R. at lines 16268-74.) We agree with Appellant that it was at least unwise, if not improper, for the Government to take advantage of the defense's evidence concerning parole, which would have been wholly improper for the Government to introduce itself.

However, we are not persuaded that this and the other points raised warrant relief. *See United States v. Ashby*, 68 M.J. 108, 123 (C.A.A.F. 2009) (finding that the military judge's instructions following an improper comment by trial counsel adequately cured the error and

rendered it harmless); *Mullins*, 69 M.J. at 117. Nor are we persuaded that the sentence is inappropriately severe.

**Decision**

We have reviewed the record in accordance with Article 66, UCMJ. Upon such review, the findings and sentence are determined to be correct in law and fact and, on the basis of the entire record, should be approved. Accordingly, the findings of guilty and the sentence, as approved below, are affirmed.



For the Court,

Sarah P. Valdes
Clerk of the Court